UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLAND GRAHAM,<br><br>                              Plaintiff,<br><br>              -against-<br><br>ALINA MORAN, CEO of Metropolitan Hospital; MS. J. CHAVEZ, Director of Mental Health Record; OQUENDO,<br><br>                              Defendants. | 21-CV-3973 (LTS)<br><br>ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Philadelphia Industrial Correctional Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated July 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses this action for failure to state a claim, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Named as defendants in this complaint are CEO Alina Moran, Director of Mental Health Records Ms. J. Chavez, and Director Oquendo, all of Metropolitan Community Hospital, located in Manhattan. The events giving rise to this complaint occurred on February 20, 2020, April 7, 2020, and April 18, 2020. Plaintiff alleges that Defendants failed to release his medical records for his trial, even though he signed Ms. Chavez's "very confusing form in good faith." (ECF 2 ¶ V.) Plaintiff alleges that Defendants "disregard[ed]" his right to his records, and as a result he was deprived of the right to present at trial a "major expert witness" who treated his mental illness. (*Id.*) According to Plaintiff, Defendants were "deliberately indifferent" and discriminated against him. Plaintiff seeks millions of dollars in damages. He also moves for *pro bono* counsel.

## DISCUSSION

### A.    Constitutional Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff's complaint is problematic for several reasons. First, Plaintiff is not entitled to sue for damages in connection with his criminal conviction. The United States Supreme Court has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]").

Success in this section 1983 action suggesting that Plaintiff's conviction is unlawful because Defendants failed to provide him with his health records would necessarily demonstrate the invalidity of the conviction. As there is no indication that Plaintiff's conviction has been reversed or called into question in any way by a court authorized to do so, Plaintiff's claim for money damages is barred. [2] *See* 28 U.S.C. § 1915A(b)(1).

Moreover, section 1983 does not provide a claim for "violations arising solely out of state law." *Driscoll v. Townsend*, 60 F. Supp. 2d 78, 81 (S.D.N.Y. 1999); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (holding that "state statutes do not create federally protected due process entitlements to specific state-mandated procedures."). Thus, even if the Court construed the complaint as asserting a claim under the New York Freedom of Information Law (FOIL), Pub. Off. L. § 87, *et seq*., such a claim would not give rise to a viable claim under

---

[2] Plaintiff also does not state a claim under the Health Insurance Portability and Accountability Act (HIPAA), which established standards and promulgated regulations designed to protect the privacy and accuracy of an individual's health information. *See* 42 U.S.C. §§ 1320d–1320d–8. HIPAA provides a process by which individuals "may request amendments to the content of their records and establishes procedures for accepting or denying the requested amendment." *See* 45 C.F.R. § 164.526(b)-(d); *Mallgren v. Burkholder*, 52 F. Supp.3d 490, 496-97 (E.D.N.Y. 2014). But HIPAA does not provide a private right of action. *See Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

section 1983.[3] *See Rankel v. Town of Somers,* 999 F. Supp. 2d 527, 535 (S.D.N.Y. 2014) ("[M]any of Plaintiff's allegations — e.g., that the Town refused to fulfill FOIL requests . . . — involve state law, not federal constitutional violations."); *Collins v. City of New York*, 923 F. Supp. 2d 462, 473 (E.D.N.Y. 2013) (citing *P.C. v. McLaughlin,* 913 F.2d 1033, 1045 (2d Cir. 1990)).

## B.     Motion for Counsel

Plaintiff filed an Application for the Court to Request *Pro Bono* Counsel. The factors to be considered in ruling on an indigent plaintiff's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is not clear that Plaintiff can state a viable claim, the Court denies Plaintiff's application without prejudice to renewal at a later stage.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In an abundance of caution, the Court grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts showing that he can state a viable claim. The motion for counsel is denied without prejudice.

---

[3] Similarly, a violation of New York's Mental Hygiene Law § 33.16, which gives patients the right, on written request and with certain limitations, to inspect their own clinical records in the possession of mental health facilities and permits an individual to review and challenge the accuracy of materials contained in his records, N.Y. Mental Hyg. Law § 33.16(b), (c), and (g), does not give rise to a claim under section 1983.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 26, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                    _____
                                      LAURA TAYLOR SWAIN
                                 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)


**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.      LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.      PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.      PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____