UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROLAND GRAHAM,

                Plaintiff,

-against-

ALINA MORAN, CEO of Metropolitan Hospital; MS. J. CHAVEZ, Director of Mental Health Record; OQUENDO,

                Defendants.

21-CV-3973 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *in forma pauperis* (IFP), is currently incarcerated in the Pennsylvania Industrial Correctional Center. His original *pro se* complaint in this action alleged that Defendants violated his rights. By order dated August 26, 2021, the Court dismissed the complaint with leave to replead. Plaintiff filed an amended complaint on October 18, 2021, and the Court has reviewed it. The action is dismissed without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

Named as defendants in the original complaint are CEO Alina Moran, Director of Mental Health Records Ms. J. Chavez, and Director Oquendo, all of whom are employees of Metropolitan Community Hospital in Manhattan. The complaint set forth the following allegations. In 2020, Defendants failed to release Plaintiff's medical records for his trial, even though he signed Ms. Chavez's "very confusing form in good faith." (ECF 2 ¶ V.) Defendants "disregard[ed]" Plaintiff's right to his records, and as a result he was deprived of the right to present at trial a "major expert witness" who treated his mental illness. (*Id.*) Defendants acted with "deliberate[] indifferen[ce]" and discriminatory animus. Plaintiff requested millions of dollars in damages and also moved for appointment of *pro bono* counsel.

By order dated August 26, 2021, the Court construed Plaintiff's claims as relating to the unfavorable outcome of a criminal trial and dismissed the complaint for failure to state a claim because: (1) under the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Plaintiff could not seek damages because he failed to show that the underlying conviction had been reversed or otherwise called into question; and (2) his allegation that he was denied access to his medical records did not state a viable claim. The Court granted Plaintiff leave to file an amended complaint, and denied without prejudice the motion for counsel. (ECF 9.)

The amended complaint does not address the deficiencies discussed in the Court's order to amend. Instead, Plaintiff renews his motion for counsel on the ground that he has a "serious mental disability," and thus does not have the "legal competen[ce] to properly amend his complaint." (ECF 12 at 1.) Plaintiff asserts that he diagnosed himself with schizophrenia in 2016, and that in 2017, the diagnosis was confirmed in a "direct psychiatric examination" at his current facility. (*Id.* at 2-4.)

## DISCUSSION

Under Federal Rule of Civil Procedure 17(c)(2), courts "are generally prohibited from 'making a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented.'" *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). The Rule provides that "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c); *Galanova v. Portnoy*, 432 F. Supp .3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed pro se, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." (internal quotation marks and citation omitted)).

Rule 17 does not, however, require a court to appoint a guardian *ad litem* or other representative for every mentally ill litigant appearing before it. "Rule 17(c) does not require a district court to make a sua sponte determination of competency whenever a question exists regarding a plaintiff's mental capacity." *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) Instead, the duty to consider whether Rule 17(c) applies is triggered by "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) (holding that the duty to appoint a guardian *ad litem* or issue another appropriate order "arises after a determination of incompetency."); *see also Lewis v. Newburgh Hous. Auth.*, 692 F. App'x 673, 674 (2d Cir. 2017) (noting that the duty to appoint a

3

representative exists only with "actual documentation or testimony of the pro se litigant's mental incompetency" (internal quotation marks omitted)).

Plaintiff has not provided the Court with any documentation or other evidence of incompetency sufficient to trigger the Court's obligation to investigate his competence *sua sponte*, or to appoint a guardian under Rule 17(c)(2). But even if he had, the Court may dismiss a complaint without addressing a plaintiff's competence if the complaint lacks merit. *See Berrios*, 564 F.3d at 135 (holding that where a district court concludes "that no substantial claim could be asserted on behalf of [an incompetent person], it may dismiss the complaint, but without prejudice); *Galanova*, 432 F. Supp. 3d at 433 (declining to appoint a guardian *ad litem* and dismissing claims without prejudice because "it is clear that no substantial claim may be brought on behalf" of the plaintiff). The Court may also decline to appoint counsel on the same ground. *See Mil'chamot v. New York City Housing Auth.*, No. 15-CV-108 (PAE), 2016 WL 659108 (S.D.N.Y. Feb. 16, 2016) (holding that a court "may decline to appoint counsel for an incompetent person," and dismiss the matter without prejudice, "when it is clear that no substantial claim may be brought on behalf of such party".).

Here, Plaintiff alleges that he lacks the "legal competen[ce] to properly amend his complaint," and renews his request for counsel. Because, as explained above and in the August 26, 2021 order, Plaintiff's complaint lacks merit, the Court declines to appoint *pro bono* counsel.

## CONCLUSION

For the reasons set forth in this order, Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice. The motion for counsel (ECF 12) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

4

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                 Chief United States District Judge